# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JANMARIE MAZZONE, | * | No. 22-1891V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: July 22, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Jessi Carin Huff, Maglio Christopher & Toale, Seattle, WA, for petitioner;
James Vincent Lopez, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

    Janmarie Mazzone filed a petitioner for compensation under the National Vaccine Injury Compensation Program, alleging that the influenza vaccine she received on November 30, 2021 caused or significantly aggravated her Guillain- Barré Syndrome ("GBS"). On July 1, 2024, Ms. Mazzone moved for a decision dismissing her case.

---

    [1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

I. **Procedural History**

Ms. Mazzone filed a petitioner on December 22, 2022, alleging that the flu vaccine she received on November 30, 2021 caused her to suffer from GBS, or alternatively, significantly aggravated her GBS. Pet. at 7.

The Secretary filed his Rule 4(c) report on December 7, 2023, contesting entitlement. The Secretary argued that Ms. Mazzone's petition did not set forth an on-Table GBS claim, as the onset of her symptoms was approximately 55 days after she received the flu vaccine. Resp't's Rep. at 6-7. Respondent further noted that Ms. Mazzone had not presented an expert report, and her treating doctors attributed her GBS to her COVID-19 infection. Id. at 8-9.

The parties were unable to resolve the case informally. Pet'r's Status Rep., filed March 8, 2024. A status conference was held on April 4, 2024. The parties agreed to proceed with filing expert reports, and a set of expert instructions was issued. Order, issued April 5, 2024.

On June 3, 2024, petitioner moved for additional time to file an expert report. Petitioner stated that she was not prepared to file a report yet, and wanted to seek alternative counsel. Petitioner's motion was granted, and her deadline was extended to July 8, 2024. On July 1, 2024, petitioner moved for a dismissal of her case.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Mazzone filed medical records in support of her claim. Nonetheless, Ms. Mazzone wishes to have her petition dismissed and judgment entered against her. Although Ms. Mazzone filed her motion under 42 U.S.C. § 300aa-21(a), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal), given Ms. Mazzone's clear intent that a judgment issue in this case. See Pet'rs' Mot., filed July 1, 2024 at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;

2

> (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
> (3) a showing of a proximate temporal relationship between vaccination and injury.

<u>Althen v. Sec'y of Health & Hum. Servs.</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Ms. Mazzone did not present a medical theory causally connecting her flu vaccine and GBS, nor did she provide proof that an onset after 55 days is appropriate.  Additionally, Ms. Mazzone's doctors attributed her GBS to an COVID-19 infection.  She has therefore not met her burden under the <u>Althen</u> prongs.

For significant aggravation claims, petitioners have a burden to provide proof by a preponderance the of evidence of:

> (1) the person's condition prior to administration of the vaccine,
> (2) the person's current condition (or the condition following the vaccination if that is also pertinent),
> (3) whether the person's current condition constitutes a "significant aggravation" of the person's condition prior to vaccination,
> (4) a medical theory causally connecting such a significantly worsened condition to the vaccination,
> (5) a logical sequence of cause and effect showing that the vaccination was the reason for the significant aggravation, and
> (6) a showing of a proximate temporal relationship between the vaccination and the significant aggravation.

<u>Loving ex rel. Loving v. Sec'y of Dep't of Health & Hum. Servs.</u>, 86 Fed. Cl. 135, 144 (2009).  Ms. Mazzone has not established that she suffered from GBS prior to her vaccination, nor has she presented a medical theory causally connecting her condition to the flu vaccine   Ms. Mazzone has therefore not met her burden on this claim, either.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  <u>See</u> Vaccine Rule 21(b).

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master